**SMITH KRIVOSHEY, PC**
Yeremey O. Krivoshey (State Bar No. 295032)
28 Geary Street, Suite 650 No. 1507
San Francisco, CA 94108
Phone: 415-839-7000
E-Mail: yeremey@skclassactions.com

**SMITH KRIVOSHEY, PC**
Joel D. Smith (State Bar No. 244902)
867 Boylston Street, 5th Floor, Ste. 1520
Boston, MA 02116
Phone: 617-377-7404
E-Mail: joel@skclassactions.com

[Additional Counsel on Signature Page]

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DENNIS SPERLING, ILIAS POTSIS, JONATHAN RODRIGUEZ, NANNE DAVIS, GAIL ROTH, and VIVEKANANDAN SHANMUGAM individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HYUNDAI MOTOR AMERICA, INC.,<br><br>Defendant. | Case No. 8:26-cv-00410-JVS-ADS<br><br>**PLAINTIFFS SPERLING AND POTSIS' OBJECTION TO HYUNDAI MOTOR AMERICA, INC.'S NOTICE OF AUTOMATIC STAY OF ALL PROCEEDINGS**<br><br>JUDGE: HON. JAMES V. SELNA |

On July 10, 2026, Defendant Hyundai Motor America Inc. ("Hyundai"), moved to compel arbitration with respect to four plaintiffs—Rodriguez, Davis, Roth, and Shanmugam—and in the same motion, asked the Court to stay the case with respect to the two other plaintiffs who have no purported arbitration agreement, Sperling and Potsis. *See* ECF No. 26 at 19:1-16. The Court denied Hyundai's motion in its entirety on September 3, 2026. *See* ECF No. 33.

Contrary to that order, Hyundai's subsequently filed a purported "Notice of Automatic Stay of *All* Proceedings," including with respect to Sperling and Potsis. *See* ECF 41. There are three reasons why Hyundai's notice is improper and has no legal effect with respect to Sperling and Potsis.

<u>First</u>, there is no "automatic stay" of Sperling and Potsis' claims. Hyundai admitted as much when it previously sought and failed to obtain what Hyundai described as a "discretionary" stay of their claims. *See* ECF No. 28 at 2:9-10; 18:10. The Supreme Court in *Coinbase* explained that an appeal does not compel a stay on "matters that are not involved in the appeal." *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 741 n.2 (2023). The outcome of Hyundai's appeal will have no effect whatsoever on the claims of Sperling and Potsis. Nor do any of the reasons for an automatic stay—such as preserving the benefits of arbitration or avoiding the unnecessary expenditure of judicial resources—apply to plaintiffs who never agreed to arbitration in the first place. *See id.* at 743.

<u>Second</u>, Hyundai already asked for and was denied a request to stay the claims of Sperling and Potsis, and never moved for reconsideration of this Court's September 3, 2026, Order. The 14-day deadline to do so has long passed. *See* C.D. Cal. Local Rule 7-18.

Even if the deadline had not passed, Hyundai's notice has nothing to do with a discretionary stay, and is insufficient to support that relief. Any request for a discretionary stay would require three separate things that Hyundai has not done:

- ✓ A noticed motion for reconsideration. *See* Fed. R. Civ. P. 7(a) ("[a] request for a court order must be made by motion");
- ✓ A showing by Hyundai that it has met the standard for reconsideration. *See* C.D. Cal. Local Rule 7-18; and
- ✓ Hyundai demonstrating "a clear case of hardship or inequity in being required to go forward" under the standard that governs discretionary stays. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

There is simply no legal basis to afford Hyundai any of the relief it is attempting to obtain with a simple, 1-sentence "notice."

Fourth, Hyundai should be equitably estopped from requesting a stay of proceedings concerning Sperling and Potsis because it has not been candid with the Court or with Plaintiffs on that issue. *See U.S. v. Georgia-Pacific Co.*, 421, F.2d 92, 95-96 (9th Cir. 1970) (addressing equitable estoppel). Hyundai requested and obtained a 30-day extension on its time to Answer based on Hyundai's representation that it needed additional to "to prepare its answer and affirmative defenses." ECF No. 37 at 2:1-2. The obvious implication was that Hyundai intended to answer the claims of Sperling and Potsis, if not all of the plaintiffs. If Hyundai simply wanted more time to file an appeal and seek a stay of Sperling and Potsis' claims, as it now appears to be the case, Hyundai had a duty to be forthright about that fact. *Cf. U.S. v. Ludwig*, 2020 WL 3472387 at *14 (E.D. Cal. June 25, 2020) (the duty of candor extends to stipulations); C.D. Cal. Civility and Professionalism Guidelines, § B.1 ("We will … adhere in good faith to all agreements implied by the circumstances or local customs"). The Court should require Hyundai to adhere to its agreements and answer the claims of Sperling and Potsis, and proceed with discovery as to those two plaintiffs.

Dated: October 13, 2026

Respectfully submitted,

*/s/ Joel D. Smith*

**SMITH KRIVOSHEY, PC**
Joel D. Smith (State Bar No. 244902)
867 Boylston Street, 5th Floor,
Ste. 1520
Boston, MA 02116
Phone: 617-377-7404
E-Mail: joel@skclassactions.com

**SMITH KRIVOSHEY, PC**
Yeremey O. Krivoshey (State Bar No. 295032)
28 Geary Street, Suite 650 No. 1507
San Francisco, CA 94108
Phone: 415-839-7000
E-Mail: yeremey@skclassactions.com

**FURIA LAW LLC**
Philip J. Furia
(*Pro Hac Vice*)
880 Third Avenue, 5th Floor
New York, New York 10022
Phone: 646-830-1915
E-Mail: furiap@furiafirm.com

*Attorneys for Plaintiffs*